James R. Touchstone, Esq., SBN 184584
jrt@jones-mayer.com
Harold W. Potter, Esq. SBN 120107
hwp@jones-mayer.com
Melissa M. Ballard, Esq., SBN 185739
mmb@jones-mayer.com
JONES & MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
T: (714) 446-1400
F: (714) 446-1448

Attorneys for Defendants, CITY OF WHITTIER, OFFICER HAUSE, OFFICER CABRAL, AND OFFICER MEDINA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA SEPULVEDA, for herself and on behalf of her minor children, MELODY PATRICIO, ERNESTO PATRICIO, AND MARIA CARMEN SARATE ANGELES<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF WHITTIER, OFFICER HAUSE, OFFICER CABRAL, OFFICER MEDINA, DOLLAR FINANCIAL GROUP, INC. DFC GLOBAL CORP., DOLLAR FINANCIAL CORP., AND MONETARY MANAGEMENT OF CALIFORNIA, INC., JOSE LOPEZ, DON MORTON, and DOES 1 to 20, inclusive<br><br>Defendants. | Case No. 17-cv-4457 JAK (KSx)<br><br>*Assigned to the Hon. John A. Kronstadt, United States District Judge, and the Hon. Karen L. Stevenson, United States Magistrate Judge*<br><br>**STIPULATED PROTECTIVE ORDER** |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on November 15, 2017, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendments: deleting text from paragraph 10, subparagraph a, that would limit the handling of confidential information by court employees; and incorporating the good cause statement from a separate document supplied by the parties in a separate document entitled, "STIP-Protective Order," into the instant Protective Order.**

**The Court's additions to the terms of the proposed protective order are indicated in bold typeface. Deletions indicated by strikethrough.**

## **AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT**

**Pursuant to Rule 26(c), Defendants CITY OF WHITTIER, OFFICER HAUSE, OFFICER CABRAL, and OFFICER MEDINA ("Whittier Defendants"), Defendants DOLLAR FINANCIAL GROUP, INC., DFC GLOBAL GROUP, DFC GLOBAL CORPORATION (formerly doing business as DOLLAR FINANCIAL CORPORATION), DOLLAR FINANCIAL CORP., MONETARY MANAGEMENT OF CALIFORNIA, INC. dba MONEY MART, JOSE LOPEZ, and DON MORTON ("Dollar Defendants"), and Plaintiffs ERIKA SEPULVEDA, for herself and on behalf of her minor children, MELODY PATRICIO, ERNESTO PATRICIO, AND MARIA CARMEN SARATE ANGELES (collectively "the Parties"), by their undersigned counsel, agree to be bound to the terms of the following Protective Order. The Parties represent that pre-trial discovery in this case may include matters that are confidential and privileged and may require the discovery of**

and/or production of documents pertaining to the Whittier Police Department's on-going investigation of the underlying third party criminal activities alleged in Plaintiff's Complaint in the present litigation, as well as peace officer personnel file information and/or documents which the Parties agree includes: (1) Personal data, including marital status, family members, educational and employment history, home addresses, or similar information; (2) Medical history; (3) Election of employee benefits; (4) Employee advancement, appraisal, or discipline; and (5) Complaints, or investigations of complaints, if any, concerning an event or transaction in which a peace officer participated, or which a peace officer perceived, and pertaining to the manner in which the peace officer performed his or her duties. The Whittier Defendants contend that such information is privileged as official information. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. Cal. 1990); *see also Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir.1975), aff'd, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Further, discovery may require depositions, written discovery and/or the production of certain Whittier Police Department Policies and Procedures and peace officer training information the public disclosure of which could comprise officer safety, and/or raise security issues. Additionally, the Whittier Defendants contend that that public disclosure of such material and information poses a substantial risk of embarrassment, oppression and/or physical harm to peace officers whose Confidential Information is disclosed. The Parties further agree that the risk of harm to peace officers is greater than with other government employees due to the nature of their profession. Finally, the Defendants contend that the benefit of public disclosure of Confidential Information is minimal while the potential disadvantages are great.

Peace officer personnel file information, discovery and documents related to training, documents and/or other discovery related to the on-going

**investigation into the underlying third party criminal activities alleged in Plaintiff's complaint, and/or documents and discovery of security-sensitive policies and procedures are hereinafter referred to as "Confidential Information".**

**Accordingly, good cause exists for entry of this Protective Order to facilitate pre-trial disclosure while assuring the safety of these sensitive disclosures.** *See* **Fed. R. Civ. Proc. 26(c)**

## PROTECTIVE ORDER

PER THE STIPULATION OF THE PARTIES AND GOOD CAUSE APPEARING, **IT IS HEREBY ORDERED** that the terms and conditions of this Protective Order shall govern the handling of Discovery Materials containing Confidential Information in matter of *Sepulveda et al v. City of Whittier, et al USCD Case No. 17-cv-4457 JAK (KSx)* ("the Litigation"):

1. **Applicability of Order:** This Order does not and will not govern any trial proceedings in this Litigation, but will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by Plaintiffs and Dollar Defendants in connection with the Litigation (this information hereinafter referred to as "Discovery Material").

2. **Designation of Material:** Whittier Defendants may designate Discovery Material that is in their possession, custody or control to be produced to the other parties as "Confidential Information" under the terms of this Order if the Whittier Defendants in good faith reasonably believe that such Discovery Material contains non-public, confidential material as defined in section 4 below.

Nothing in this Protective Order shall be construed to limit a party's use of

1  information already in its possession prior to the litigation, provided that use
2  complies with all other legal requirements.

3    3.    **Exercise of Restraint and Care in Designating Material for Protection:** When designating Discovery Material for protection as Confidential Information under this Order, Whittier Defendants must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Whitter Defendants to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    4.    **Confidential Information:** For purposes of this Order, Confidential Information is any information and/or documents that Whittier Defendants believe in good faith to be pertaining to the on-going investigation into the underlying third party criminal activities alleged in Plaintiff's complaint, as well as Peace Officer Personnel File Information and/or Documents including but not necessarily limited to: (1) Personal data, including marital status, family members, educational and employment history, home addresses, or similar information, (2) Medical history, (3) Election of employee benefits, (4) Employee advancement, appraisal, or discipline, and (5) Complaints, or investigations of complaints, if any, concerning an event or transaction in which a peace officer participated, or which a peace officer perceived, and pertaining to the manner in which the peace officer performed his or her duties. Confidential Information is also any Whittier Police Department Policies and Procedures and training information the public disclosure of which could comprise officer safety, raise security issues, and/or impede

investigations.

5. **Designating Confidential Information:** The designation of Discovery Material as Confidential Information for purposes of this Order shall be made in the following manner:

    a. Documents: In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by stamping "Confidential" to each page containing any Confidential Information. Any such stamp shall not overwrite or otherwise obscure the text or images of any page. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s). .

    b. Deposition and Other Proceedings: In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential Information shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) business days after the receipt of the draft transcript of such deposition or other pre-trial proceeding. However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Confidential Information. Thereafter, only those portions properly designated shall be deemed Confidential Information.

    Transcripts containing Confidential Information shall have an obvious legend on the title page that the transcript contains Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential Information. The Designating Party shall inform the court

- 5 -

PROTECTIVE ORDER

reporter of these requirements.

    c. Non-Written Materials: Any non-written Confidential Information (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-written material designated as "Confidential". In the event Plaintiffs and/or Dollar Defendants generate any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription shall take reasonable steps to maintain the confidentiality of such materials.

    d. Written Discovery: In the case of written discovery responses, designation shall be made by stamping "Confidential" to each page containing any Confidential Information. Any such stamp shall not overwrite or otherwise obscure the text or images of any page.

**6. Inadvertent Disclosure:** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Plaintiffs and Dollar Defendants shall exercise good faith efforts to ensure that copies they make of Confidential Information produced to them, and copies made by others who obtained such Confidential Information directly or indirectly from the Plaintiffs and Dollar Defendants include the appropriate confidentiality legend, to the same extent that the Confidential Information has been marked with the appropriate confidentiality legend by the Whittier Defendants.

**7. No Waiver of Privilege:** Inadvertent disclosure of Confidential Information or otherwise privileged information shall not constitute a waiver of, or estoppel as to any claim of privilege. This Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d).

**8. Claw-Back:** Pursuant to Federal Rule of Civil Procedure 26(b)(5), upon learning it may have produced Confidential or otherwise privileged Information, Whittier Defendants shall, within ten (10) days of such discovery, request the return of such Information in writing by identifying the Confidential or otherwise privileged Information and stating the basis on which the Information should be withheld from production. After being notified, Plaintiffs and/or Dollar Defendants must promptly return, sequester, or destroy the Confidential or otherwise privileged Information and any copies, must not use or disclose the Information until the claim is resolved and must take reasonable steps to retrieve the Confidential or otherwise privileged Information if he disclosed the Information before being notified. If Plaintiffs and/or Dollar Defendants dispute Whittier Defendants' claim of confidentiality or privilege; they shall notify the Whittier Defendants claiming confidentiality of the dispute and the basis therefore in writing within thirty (30) days of receipt of the request for the return of the Confidential or otherwise privileged Information. Plaintiffs and/or Dollar Defendants and the Whittier Defendants shall meet and confer in good faith regarding the disputed claim within thirty (30) days. In the event that the Plaintiffs and/or Dollar Defendants and the Whittier Defendants do not resolve their dispute, either party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the Whittier Defendant shall submit to the Court for in camera review under seal a copy of the disputed Information in connection with its motion papers. The submission to the Court shall not constitute a waiver of any privilege or protection. The Parties must preserve the Information claimed to be privileged or otherwise protected until the claim is resolved.

**9. Notes of Confidential Information:** Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Information that quote from or paraphrase, Confidential Information with such specificity that the Confidential Information can be identified, or by reasonable

- 7 -
PROTECTIVE ORDER

logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Confidential Information from which they are made and shall be subject to all of the terms of this Order.

**10. Persons Authorized To Receive Confidential Information:** Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

    a. The Court, persons employed by the Court ~~who are necessary for the handling of the Litigation~~, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal there from;

    b. Counsel of record in this Litigation, as well as paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel, and plaintiffs under the supervisor of their counsel and after agreeing to be bound by the terms and conditions set forth in the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit "A" prior to the time such information is disclosed;

    c. Experts or consultants assisting any counsel of record in this Litigation, provided such experts and consultants agree to be bound by the terms and conditions set forth in the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit "A" prior to the time such information is disclosed; and

    d. Any other person, only upon order of the Court or upon stipulation of the Parties, and who agrees to be bound by the terms and conditions set forth in the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit "A" prior to the time such Information is disclosed. However, under no circumstances shall

personal identification information including but not limited to home addresses or telephone numbers of individual Defendants be provided to Plaintiffs or Dollar Defendants.

**11. Use of Confidential Discovery Material:** Discovery Material containing Confidential Information shall be used solely for purposes of the Litigation, including any appeal and re-trial. Any person or entity in possession of Discovery Material designated Confidential shall maintain those materials in accordance with Paragraph (storage) below.

**12. Storage Of Confidential Information:** The recipient of any Confidential Information that is provided under this Protective Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order.

**13. Filing of Confidential Information:** Plaintiffs and Dollar Defendants may not file in the public record in this action any Confidential Information .except under seal in compliance with Local Rule 79-5.

**14. No Prejudice:** Agreeing to be bound by this Protective Order, agreeing to and/or producing or receiving Confidential Information or otherwise complying with the terms of this Order shall not:

a. Prejudice in any way the rights of Whittier Defendants to object to the production of documents it considers not subject to discovery, nor operate as an admission by Whittier Defendants that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by Whittier Defendants to be Confidential Information;

b. Prejudice in any way the rights of Whittier Defendants to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

c. Prejudice in any way the rights of Whittier Defendants to seek a

determination by the Court whether any Confidential Information should be subject to the terms of this Order.

**15.     Challenging Designation of Information:** Plaintiffs or Dollar Defendants may challenge the propriety of a Confidential Information designation by providing to the Whittier Defendants a writing which briefly: (i) identifies with reasonable particularity the documents and/or information which are the subject of the challenge; and (ii) describes the basic legal or factual grounds for the challenge. Once a challenge is made, the Whittier Defendants will bear the burden of initiating and conducting a sufficient meet and confer (per Local Rule 37-1); and, if necessary, the Whittier Defendants will bear the burdens of proof and persuasion in moving for a Protective Order (per Local Rule 37-2) to uphold the challenged Confidential Information designation(s). Until the Court rules on the timely filed Motion for Protective Order, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Whittier Defendants' designation.

**16.     Additional Parties or Attorneys:** In the event additional parties join or intervene in this action, the newly joined party(ies) shall not have access to Confidential Information until its counsel has executed an agreement to be fully bound by this Order. If any additional attorneys make appearances in this Litigation, those attorneys shall not have access to Confidential Information until they execute the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit "A".

**17.     Protective Order Remains In Force:** This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of this action. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments,

modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

**18. Conclusion of Litigation:** Within ninety (90) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, all persons having received Confidential Information shall either return such material and all copies thereof to the counsel of the Defendant who designated the information as Confidential or destroy all such Confidential Information including the Confidential Information Plaintiff provided to other persons. In either case, counsel for Plaintiffs and Dollar Defendants must certify that fact to the counsel of the Whittier Defendants.

**19. Redaction Allowed:** Whittier Defendants may redact Confidential Information from documents and things produced to the extent that such information consists of personal identifying information of peace officers or their family members, such as i.d. numbers, phone numbers, addresses, or medical history which is unrelated to any claim or defense raised in the instant action. Whittier Defendants shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice.

**20. Violations of Protective Order:** In the event that any person or party should violate the terms of this Protective Order, the aggrieved party should apply to the Court obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order.

In the event that the aggrieved party seeks injunctive relief, it must petition the District Judge for such relief, which may be granted at the sole discretion of the District Judge.

**IT IS SO ORDERED.**

Dated: November 17, 2017

_____
THE HON. KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

PROTECTIVE ORDER

| | |
|---|---|
| ERIKA SEPULVEDA, for herself and on behalf of her minor children, MELODY PATRICIO, ERNESTO PATRICIO, AND MARIA CARMEN SARATE ANGELES<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF WHITTIER, OFFICER HAUSE, OFFICER CABRAL, OFFICER MEDINA, DOLLAR FINANCIAL GROUP, INC. DFC GLOBAL CORP., DOLLAR FINANCIAL CORP., AND MONETARY MANAGEMENT OF CALIFORNIA, INC., JOSE LOPEZ, DON MORTON, and DOES 1 to 20, inclusive<br><br>Defendants. | Case No. 17-cv-4457 JAK (KSx)<br><br>*Assigned to the Hon. John A. Kronstadt, United States District Judge, and the Hon. Karen L. Stevenson, United States Magistrate Judge*<br><br>**AGREEMENT CONCERNING INFORMATION COVERED BY STIPULATED PROTECTIVE ORDER** |

1. I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in this Litigation (Case No: 17-cv-4457 JAK (KSx)) by the United States District Court for the Central District of California (hereinafter, "the Protective Order").

2. I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

3. I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

4. If I receive documents or information designated as Confidential Information (as that term is defined in the Protective Order), I understand that such Information is provided to me pursuant to the terms and restrictions of the Protective Order.

5. I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any Confidential Information disclosed to me pursuant to the terms of the Protective Order.

6. I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Protective Order.

My address is: _____

My present employer is: _____

Dated: _____, 2017    Signed: _____

                                 Printed Name: _____